UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMONA KAYE SIMONS,

    Plaintiff,                            CASE NO. 05-CV-10049-BC

v.                                                   DISTRICT JUDGE DAVID M. LAWSON
                                                      MAGISTRATE JUDGE CHARLES BINDER
CREDIT-BASED ASSET SERVICING
AND SECURITIZATION, LLC.,
C-BASS, LAWRENCE LITTON,
President of Litton Loan Servicing,
L.P. Corporation, and RICHARD WELKE,
Attorney for C-BASS,

    Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS
(Dkt. 21)

I.     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss, which should be deemed to be a Motion for Summary Judgment, be **GRANTED**.[1]

II.     **REPORT**

    A.     Introduction and Facts

On February 10, 2005, Plaintiff filed *pro se* a document entitled "Petition for Judicial Review". (Dkt. 1.) Four days later, prior to the filing of any response pleading, Plaintiff filed an "Amended Petition for Judicial Review, 5 USC 522a(g)." (Dkt. 2.) Named as "Respondents" are

---

[1] In the event this recommendation is adopted, the following motion will be moot: Plaintiff's Motion to Compel the Respondent to Amend 5 U.S.C. 552a Record and Provide Relief Sought. (Dkt. 17.)

a Delaware liability company, a Delaware limited partnership, and an individual attorney licensed to practice in the state of Michigan. The "Amended Petition" requests as relief "judgment in favor of Petitioner that Respondents, and their successors in office if applicable, amend the subject record to reflect the settlement." (Am. Pet., Dkt. 2 at 8.) The "Amended Petition" also seeks the award of attorney fees and costs, as well as an order to Respondents to:

> notify all recipient agencies, including but not limited to credit reporting agencies, banks, courts, collection companies, and law enforcement agencies, that said record has been amended, and the disposition of the inoperative record after it has been amended, in addition to filing or recording release(s) of lien(s)/levy(ies) and notice(s) of lien(s)/levy(ies), or Quit Claim Deeds as is appropriate to reflect the correction of the subject record.

(*Id.*)

Attached to the "Amended Petition" are numerous documents relating to a mortgage obtained by Plaintiff which was secured by property located on Washington Avenue in Saginaw, Michigan, and which was the subject of a foreclosure action initiated by Defendants.

On March 9, 2005, Defendants filed their Answer, Affirmative Defenses and a "Verified Counterclaim," (Dkt. 10-12.) The five-count counterclaim seeks the award of costs and various forms of equitable relief. The same day, United States District Judge David Lawson issued an order of reference to this judicial officer for all pretrial proceedings. (Dkt. 14.)

After initial review of these documents, on March 28, 2005, I issued an Order to Show Cause requesting the parties to set forth the basis upon which this Court possessed jurisdiction over the claims made in the "Amended Petition." The parties filed responses (Dkts. 23 & 24), and eight days after the Order to Show Cause, Defendants filed a motion to dismiss (Dkt. 21). Plaintiff filed a response opposing the motion (Dkt. 25), and Defendants filed a reply (Dkt. 26). In its response to the Order to Show Cause, as well as the motion to dismiss, Defendants argue that this Court has

no jurisdiction as the statute cited by Plaintiff as the basis for her *pro se* "Amended Petition" has application only to federal governmental agencies and not to private corporate entities. In its response to the Order to Show Cause, Defendants reiterate this argument, and with regard to their verified counterclaims, state: "Should this Court be inclined to dismiss Petitioner's filings for lack of jurisdiction, Respondents would not object. . . . Respondents respectfully request this Court dismiss Petitioner's pleadings and claims with prejudice for the reason stated in Respondents . . . Motion and dismiss the Respondents' Verified Counter Claim without prejudice." (Resp., Dkt. 23 at 2-3.)

This is not the first litigation arising out of this mortgage filed in this Court by Plaintiff. In March 2004, Plaintiff, again acting *in pro per*, filed against many of these same defendants a "Verified Complaint for Quiet Title," which was ultimately removed to this Court and assigned Case No. 04-CV-10094-BC. In November 2004, I suggested that the Court grant a motion filed by defendants in that case to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. (04-CV-10094-BC, Dkt. 17.) That recommendation was adopted by U.S. District Judge Lawson. (04-CV-10094-BC, Dkt. 21.) The outcome of this earlier litigation serves as the basis for an alternative argument made in the instant case that the earlier litigation operates under the doctrine of *res judicata* to bar Plaintiff from reasserting in this case the claims made in the earlier litigation.

  B.  **Law and Analysis**

    1.  **Plaintiff's Filings**

A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, it "is not the proper function of the district court to assume the

role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

  **2.    Motion Standards – Rules 12 and 56**

Motions to dismiss, such as that filed by Defendants in this case, are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357.

Rule 12(b) of the Federal Rules of Civil Procedure provides that when "matters outside the pleading are presented to *and not excluded by the court*, the motion [to dismiss] shall be treated

4

as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED. R. CIV. P. 12(b) (emphasis added). In their treatise, Wright and Miller explain that, pursuant to the portion of the rule italicized above,

> [t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. This discretion generally will be exercised on the basis of a determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action.

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (footnote omitted).

I conclude at the threshold that the parties have filed numerous document exhibits in support of their respective positions, many of which were also filed in the earlier litigation, and a number of which were drafted by Plaintiff herself. I therefore conclude that matters outside the pleadings presented by the parties should be accepted and the motion converted to one under Rule 56, as the acceptance and review of these documents will materially facilitate, and likely are necessary to the disposition of the instant motion. Moreover, both parties cite and rely upon these documents, thus presuming that the Court will accept and review them. I cannot therefore discern that either party will be prejudiced. I will therefore consider Defendant's motion under the standards for the determination of a Rule 56 motion for summary judgment.

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the

absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos*., 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52).

6

Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**3.      5 U.S.C. § 552a**

Plaintiff's "Verified Petition" is premised upon the application of 5 U.S.C. § 552a, codified as the Privacy Act.  This statute, provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be-[enumeration of twelve permitted disclosures].

5 U.S.C. § 552a(b).

The Act, among other things, permits an individual citizen to access federal agency records containing personal information about him or her and to make corrections to those records. *See* 5 U.S.C. § 552a(d).  The statute also provides a civil remedy for agency failures to comply with the requirements of the act. 5 U.S.C. § 552a(g).  However, by its own terms, the Privacy Act applies only to federal agencies and only protects individuals.  The Privacy Act adopts the definition of "agency" as found in the Freedom of Information Act ["FOIA"], That statute defines the term "agency" as the word is defined in 5 U.S.C. § 552(e).  *See* 5 U.S.C. § 552a(a)(1).  Section 552(e) and (f) clearly indicate that agencies covered by the act are *exclusively* federal regulatory agencies, executive departments and governmental corporations.  *See Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 844 (9th Cir. 1999); *Windsor v. The Tennessean,* 719 F.2d 155, 160 (6th Cir. 1983).

The defendants named by Plaintiff in the "Verified Petition" are not federal regulatory agencies, executive departments, or governmental corporations.  Instead, they are purely private entities to which the Act, by its very terms, does not apply.  I therefore suggest that Defendants'

assertions that this Court lacks jurisdiction over the relief requested by Plaintiff in the "Verified Petition" have merit and are dispositive of the instant litigation, since the statute relied upon by Plaintiff as the basis for her "Verified Petition" does not confer jurisdiction upon this Court over these defendants. As a result, I further suggest that it is unnecessary to reach Defendants' alternative argument that *res judicata* bars the Court from entertaining Plaintiff's filings.[2]

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                        s/ *Charles E. Binder*
                                        CHARLES E. BINDER
Dated: August 18, 2005              United States Magistrate Judge

---

[2] Among the prayers for relief contained in Defendants' Verified Counterclaim are requests for sanctions in the form of damages equal to Defendants' costs and a Restraining Order prohibiting Plaintiff from any future filings in this Court pertaining to the Washington Street mortgage. While facially there may be some merit to these requests, entertaining them, I suggest, would effectively convert this case into a sanctions litigation, which I believe would not be the best use of scarce judicial resources. Rather, I suggest that the dismissal of Plaintiff's "Verified Petition" is itself a sufficient sanction, particularly in light of the fact that to initiate this case, Plaintiff paid the $250.00 filing fee then in effect.

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Richard Welke, and served in the traditional manner on Ramona Kaye Simons and Honorable David M. Lawson.


Dated: August 18, 2005                         By      s/Mary E. Dobbick
                                                Secretary to Magistrate Judge Binder